AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 2:24sw 111
The Devices Listed in Attachment A located at )
HSI, Norfolk )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 28, 2024_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Robert J. Krask_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 06/14/2024 1:30 pm  1:17 p.m.   *(signature)*
                                                                  Judge's signature

City and state:   Norfolk, Virginia                Robert J. Krask, United States Magistrate Judge
                                                                  *Printed name and title*

USA000001

ORIGINAL

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>2:24sw_____ | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

USA000002

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
JUN 1 4 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 2:24sw 111
                                                )
The Devices Listed in Attachment A located at )
HSI, Norfolk )
                                                )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Eastern_____ District of _____Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(2)/(a)(4) | Receipt/Possession of Child Pornography |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA/SAUSA

_____
Elizabeth M. Yusi, AUSA

_____
Applicant's signature

Kristen Brewer, HSI, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 06/14/2024

_____
Judge's signature

City and state: Norfolk, VA

Robert J. Krask, U.S. Magistrate Judge
Printed name and title

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY CLERK

USA000003

## ATTACHMENT A

### ITEMS TO BE SEIZED AND SEARCHED

  a.  Black iPhone 11 (Serial No. F4HCG0FBN72Q) (SUBJECT DEVICE 1)

  b.  iPhone 8 Plus (Serial No. FD5VF4NGJCM0) (SUBJECT DEVICE 2)

  c.  iPhone 6s (Serial No. F4GQB81NGRY9) (SUBJECT DEVICE 3)

located in evidence at HSI Norfolk's office.

USA000004

## ATTACHMENT B

### Items to be Searched For, Seized, and Examined

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § 2252(a)(2) – Receipt and Distribution of Child Pornography, and 18 U.S.C. § 2252(a)(4)(B) – Possession of or Accessing with Intent to View Child Pornography, collectively referred to as the "**Target Offenses**," including:

All records, documents, or materials, including correspondence, that pertain to the identification of the users of electronic media during the relevant time period.

1. Any records, documents, or materials, including encryption codes, encryption links, or passcodes related to the online storage or cloud-based accounts.

2. Any records, documents, or materials, including correspondence, that pertain to the production, transportation, distribution, receipt, or possession of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

3. All originals and copies of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4. Any records, documents, or materials which include offers to transmit, through interstate commerce by any means (including by computer), any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

5. Any records, documents, or materials relating to the production, reproduction, receipt, shipment, trade, purchase, or a transaction of any kind involving the

13

USA000005

transmission, through interstate commerce (including by computer), of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

6. Any records, documents, or materials naming or identifying minors visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

7. Any records of Internet usage, including records containing screen names, usernames, and e-mail addresses, and identities assumed for the purposes of communication on the Internet. These records include billing and subscriber records, chat room logs, e-mail messages, and include electronic files in a computer and on other data storage media, including CDs or DVDs;

8. Any records, documents, or materials referring or pertaining to communications with others, whether in person, by telephone, or online, for the purpose of distributing or transporting child pornography, including chat logs, call logs, address book or contact list entries, and digital images or videos sent or received; and

9. Information or evidence of any websites visited, photographs, videos, images, reports, definitions, stories, books, music, lyrics, emails, videos, messages, and or notes associated with child pornography or those who collect, disseminate, or trade in child pornography. As used above, the terms records, documents, programs, applications or materials includes records, documents, programs, applications or materials created, modified or stored in any form including digital or electronic form.

USA000006

## ATTACHMENT A

### ITEMS TO BE SEIZED AND SEARCHED

    a.    Black iPhone 11 (Serial No. F4HCG0FBN72Q) (SUBJECT DEVICE 1)

    b.    iPhone 8 Plus (Serial No. FD5VF4NGJCM0) (SUBJECT DEVICE 2)

    c.    iPhone 6s (Serial No. F4GQB81NGRY9) (SUBJECT DEVICE 3)

located in evidence at HSI Norfolk's office.

USA000007

## ATTACHMENT B

### Items to be Searched For, Seized, and Examined

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § 2252(a)(2) – Receipt and Distribution of Child Pornography, and 18 U.S.C. § 2252(a)(4)(B) – Possession of or Accessing with Intent to View Child Pornography, collectively referred to as the "**Target Offenses**," including:

All records, documents, or materials, including correspondence, that pertain to the identification of the users of electronic media during the relevant time period.

1. Any records, documents, or materials, including encryption codes, encryption links, or passcodes related to the online storage or cloud-based accounts.

2. Any records, documents, or materials, including correspondence, that pertain to the production, transportation, distribution, receipt, or possession of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

3. All originals and copies of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4. Any records, documents, or materials which include offers to transmit, through interstate commerce by any means (including by computer), any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

5. Any records, documents, or materials relating to the production, reproduction, receipt, shipment, trade, purchase, or a transaction of any kind involving the

13

    transmission, through interstate commerce (including by computer), of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

6. Any records, documents, or materials naming or identifying minors visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

7. Any records of Internet usage, including records containing screen names, usernames, and e-mail addresses, and identities assumed for the purposes of communication on the Internet. These records include billing and subscriber records, chat room logs, e-mail messages, and include electronic files in a computer and on other data storage media, including CDs or DVDs;

8. Any records, documents, or materials referring or pertaining to communications with others, whether in person, by telephone, or online, for the purpose of distributing or transporting child pornography, including chat logs, call logs, address book or contact list entries, and digital images or videos sent or received; and

9. Information or evidence of any websites visited, photographs, videos, images, reports, definitions, stories, books, music, lyrics, emails, videos, messages, and or notes associated with child pornography or those who collect, disseminate, or trade in child pornography. As used above, the terms records, documents, programs, applications or materials includes records, documents, programs, applications or materials created, modified or stored in any form including digital or electronic form.

USA000009



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SUBJECT DEVICES LOCATED AT HOMELAND SECURITY INVESTIGATIONS, NORFOLK OFFICE | Case No. 2:24sw \1\1 |

I, Special Agent Kristen Brewer, being first duly sworn state:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations (HSI), currently assigned to the Assistant Special Agent in Charge in Norfolk, Virginia. I have been a Special Agent (SA) for HSI since May 2011. During this time frame, I have conducted narcotics smuggling, alien smuggling, immigration, firearms smuggling, human trafficking, and child exploitation-related investigations.

2. The child exploitation investigations have included violations pertaining to the illegal production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have also participated in the execution of search warrants, which involved child exploitation and/or child pornography offenses.

3. I attended and completed the Criminal Investigator Training Program through the Federal Law Enforcement Training Center and the ICE Special Agent Training. Prior to becoming a special agent, from approximately 2008 to 2010, I was a senior analyst for the National Center for

USA000010

Missing and Exploited Children ("NCMEC") Child Victim Identification Program. During this time, I was assigned to assist law enforcement in child sexual exploitation investigations.

4. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

5. The information set forth in this affidavit is known to me as a result of an investigation personally conducted by me and other law enforcement agents. Thus, the statements in this affidavit are based in part on information provided by other investigators employed by federal or state governments.

6. I submit this affidavit in support of an application for a search warrant authorizing the search of certain electronic media seized by the U.S. Probation Office on May 29, 2024, from the residence of Lucas KELLER (the SUBJECT DEVICES) for contraband and evidence, fruits, and instrumentalities of violations of *18 U.S.C. § 2252(a)(2) – Receipt of Child Pornography* and *18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography*, as described in Attachments A and B hereto. Namely, the SUBJECT DEVICES are:

    a. Black iPhone 11 (Serial No. F4HCG0FBN72Q) (SUBJECT DEVICE 1)

    b. iPhone 8 Plus (Serial No. FD5VF4NGJCM0) (SUBJECT DEVICE 2)

    c. iPhone 6s (Serial No. F4GQB81NGRY9) (SUBJECT DEVICE 3)

7. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

2

## PERTINENT FEDERAL CRIMINAL STATUTES

8. *Title 18, United States Code, § 2252(a)(2)* makes it a crime to knowingly receive or distribute, using any means or facility of interstate or foreign commerce or that has been mailed, shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed, shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, any visual depiction of minors engaging in sexually explicit conduct.

9. *Title 18, United States Code, § 2252(a)(4)(B)* makes it a crime to knowingly possess or access with intent to view, one or more books, magazines, periodicals, films, or other materials which contain visual depictions of minors engaged in sexually explicit conduct that have been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed, shipped or transported, by any means including by computer.

## DEFINITIONS

10. "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors engaging in sexually explicit conduct.

11. "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in

3

USA000012

sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

12. "Computer hardware," as used herein, consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including physical keys and locks).

13. The "Internet," as used herein, is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

14. "Computer passwords and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates what might be termed a digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or

4

USA000013

"booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

15. "Computer server" or "server," as used herein, is a computer that is attached to a dedicated network and serves many users. A web server, for example, is a computer which hosts the data associated with a website. That web server receives requests from a user and delivers information from the server to the user's computer via the Internet.

16. "Electronic storage" means (a) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof, and (b) any storage of such communication by an electronic communication service for purposes of backup protection of such communication. 18 U.S.C. § 2510(17).

17. The term "computer," as used herein, is defined pursuant to 18 U.S.C. § 1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

18. The terms "records," "documents," and "materials" include all information recorded in any form, including the originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, including, but not limited to the following:

> Graphic records or representations, photographs, pictures, images, and aural records or representations.

19. The terms "minor" and "sexually explicit conduct" are defined in 18 U.S.C. §§ 2256(1) and (2). A "minor" is defined as "any person under the age of eighteen years." The term "sexually explicit conduct" means actual or simulated:

USA000014

      i.      Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

      ii.      Bestiality;

      iii.      Masturbation;

      iv.      Sadistic or masochistic abuse; or

      v.      Lascivious exhibition of the genitals or pubic area of any person.

20. The term "Internet Protocol Address" ("IP Address") refers to the fact that every computer or device on the Internet is referenced by a unique Internet Protocol address the same way every telephone has a unique telephone number. An example of an IP Address is 192.168.10.102. Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP Address. There are two types of IP Addresses, static and dynamic. A static address is permanent and never changes, such as ones used in cable modems. The dynamic address changes almost every time the computer connects to the Internet.

21. "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

22. "Website," as used herein, consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

23. The term "Internet Service Provider" (ISPs) refers to the fact that individuals who have an Internet account and an Internet-based electronic mail (email) address must have a

USA000015

subscription, membership, or affiliation with an organization or commercial service that provides access to the Internet. A provider of Internet access and services is referred to as an Internet Service Provider or "ISP."

24. "Electronic Communication Service" refers to any service which provides to users thereof the ability to send or receive wire or electronic communications. 18 U.S.C. § 2510(15).

## STATEMENT OF PROBABLE CAUSE

25. On February 19, 2020, KELLER was sentenced in the United States District Court in the Eastern District of Virginia, Norfolk Division, by the Honorable Henry Coke Morgan, Jr., for Access with Intent to View Images of Minors Engaging in Sexually Explicit Conduct. KELLER was sentenced to 12 months and 1 day imprisonment, a five (5) year term of supervised release, and a $100.00 special assessment. On September 11, 2020, KELLER was released from custody and commenced his period of supervised release.

26. On September 25, 2020, the Court approved a Waiver of Hearing to Modify Conditions of Supervised Release (ECF No. 49) which added additional special conditions to the terms of the defendant's supervised release.

27. On October 13, 2022, a Petition on Supervised Release was filed by the United States Probation Office (USPO), and subsequent Addenda were filed on May 18, 2023, and August 28, 2023. KELLER appeared before the Court on November 28, 2022, May 24, 2023, September 18, 2023, and on January 9, 2024, regarding the alleged violations of supervised release. On January 9, 2024, KELLER was found in violation of the conditions of his supervised release and his supervision was revoked. He was sentenced to the custody of the Bureau of Prisons until 2:00 p.m. on January 9, 2024. Upon release, he was ordered to a period of supervised release for twenty-four (24) months, with amended conditions of supervised release (ECF No. 68).

7

28. The defendant is currently subject to Special Condition #10, which states that "Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court with or without a warrant."

29. Based on this Special Condition and reasonable suspicion, this Court approved a USPO search of KELLER's residence located in Portsmouth, VA 23702.

30. On May 29, 2024, USPOs Courtney Lopez & Lance Hall made initial contact with KELLER outside his treatment provider's address in Norfolk, Virginia. KELLER was advised by U.S. Probation Officer Courtney Lopez and Lance Hall that the U.S. Probation office has established reasonable suspicion to conduct a search, pursuant to Special Condition, and a Search & Seizure team will be conducting a search of his vehicle and residence for unapproved internet devices.

31. KELLER initially denied any such unapproved internet capable devices. KELLER then admitted he was in possession of a Black iPhone 11 (DEVICE 1). This was an unapproved device not known to the USPO. KELLER retrieved DEVICE 1 from the console of his vehicle and provided it to the USPOs along with the password. KELLER denied that he had any other unapproved smartphones or internet devices in his residence, bedroom, or vehicle.

32. KELLER was advised by U.S. Probation Officer Courtney Lopez to return to his residence so that the search of his residence can be completed.

USA000017

33. KELLER complied with U.S. Probation Officer Courtney Lopez request to search his residence and allowed the U.S. Probation Office Search & Seizure team to enter his residence to conduct the search.

34. During a search of KELLER's residence, two (2) unapproved devices were found located in KELLER's bedroom.

35. SUBJECT DEVICE 2 was found under the mattress of KELLER's bed/couch. KELLER later admitted to possessing the device.

36. SUBJECT DEVICE 3 was found hidden in a stereo in KELLER's bedroom. The defendant subsequently admitted that he possessed and used this phone soon after his release from BOP custody in 2020.

37. On May 31, 2024, while conducting preliminary investigation of the devices, Supervisory USPO Hall, on SUBJECT DEVICE 2, discovered several sexually explicit videos in an app named "VLC." In the VLC app, under a tab named "Video," several videos were labeled with descriptions related to child sex abuse material, such as "4 Jamie15yr," "Boy9yo and woman," "Woman & 7yo," "13yo black girl (Periscope)," "13yo happy ending dad while patching porn," "12yo Latina fuck in hotel," "pedotalk," and "17y girl masturbates in the showershowpink nails." In these videos, on the title thumbnails of the videos, appear sexually explicit conduct of minors under the age of 18, including prepubescent minors, involving in sexual intercourse, masturbation, or lascivious exhibition of the anus, genitals, or pubic area. The USPO took photographs of these video thumbnails.

38. HSI Special Agent (SA) Brewer reviewed the photographs taken by USPO of SUBJECT DEVICE 2. SA Brewer observed what appeared to be thumbnails of various videos

9

available for viewing. The following are descriptions of a portion of the titles and content of the files seen in the photographs.

    a. File description: *"12y pink top teen show"*: appears to be a video file with a minor female, nude with legs open and with fingers spreading the exposed genitalia.

    b. File description: *"17y black teen bathroom mastubati…"*: appears to be a video file of a minor with their legs apart, nude from the waist down with their hand in the genital area.

39. At this time preliminary searches of SUBJECT DEVICE 1 and SUBJECT DEVICE 3 were negative for contraband however an extensive search of the devices have not been conducted.

40. The USPO seized the SUBJECT DEVICES. All of the SUBJECT DEVICES were internet capable and manufactured outside of Virginia. USPO transferred the SUBJECT DEVICES to HSI Norfolk.

## CONCLUSION

41. Based on the foregoing, I submit there is probable cause to believe that the federal criminal statutes cited herein, namely receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), and (a)(4), have been violated, and that contraband, property, evidence, fruits, and instrumentalities of these offenses, more fully described in Attachment B, will be found at the SUBJECT DEVICES described in Attachment A.

42. I therefore respectfully request that this Court issue a search warrant for the SUBJECT DEVICES described in Attachment A, authorizing the seizure and search of the items described in Attachment B.

10

USA000019

FURTHER AFFIANT SAYETH NOT.

_____
Kristen Brewer
HSI Special Agent
Norfolk, VA

Subscribed and sworn before me on this 14th day of June, 2024, in the City of Norfolk, Virginia.

_____
United States Magistrate Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

11

USA000020