IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 2:24cr108 |
| v. | ) | |
| | ) | |
| LUCAS KELLER, | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR ACCESS**

The United States of America, by and through Jessica D. Aber, United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, responds to defendant LUCAS KELLER's motion for access to relevant portions of the United States Probation Office's File (the Motion). ECF Nos. 11, 15. In principle, the government does not control this information and does not object to general request . However, the government believes certain categories of information requested are unnecessary and not discoverable under Federal Rule of Evidence 16.

**BACKGROUND**

On September 25, 2025, defendant LUCAS KELLER (KELLER or defendant) was indicted in the instant case for three counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 225(a)(2), and two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

LUCAS' current criminal activity was identified because he was on supervised release with the U.S. Probation Office (USPO). In 2019, KELLER pleaded guilty in this Court to Access with Intent to View Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2). *United States v. Keller*, 2:19cr105. In February 2020, KELLER was sentenced to 12 months and 1 day of incarceration and five years' supervised

release. *Id.* at ECF No. 45. As part of his supervised release conditions, he was required to submit his person, property, house, residence, vehicle and the like to a search by the USPO. *Id.* at ECF No. 49; 18 U.S.C. § 1030(e)(1).

On May 29, 2024, based on reasonable suspicion that KELLER had unapproved electronic devices and with the Court's approval, the USPO conducted a search of KELLER and his residence. Indeed, KELLER was found with three (3) unapproved iPhones. The USPO conducted a preliminary review of KELLER's iPhones and found videos appearing to depict child sexual abuse material (CSAM). After this discovery, Homeland Security Investigations (HSI) obtained a separate search warrant for the devices and confirmed the devices contained CSAM. This is the criminal activity that led to the current charges.

Defendant has moved the Court to produce certain documents and information from the USPO. The government did not object to the initial request. However, defendant's current list of requested information appears to far exceed that which typical discovery allows and requests the Court to keep this in consideration as it decides the Motion.

## ARGUMENT

Defendant moves for the production of certain "relevant" documents and information form the USPO. As stated in his original Motion, this request is to ensure the defendant's Fourth Amendment rights were preserved during the USPO search. ECF No. 11. As stated, the government does not object generally to defendant's request for additional information from the USPO. Specifically, the government does not object to defendant's request for the following (using defendant's numbering):

1. Any "documentation" and "photos" provided by the anonymous source to Senior Officer Lopez or any other USPO officer.

8. The "details of [Senior Officer Lopez's] interviews with [Mr. Keller] and others" that Senior Officer Lopez sought permission to release to "law enforcement officers and agencies assisting the probation office".

However, the remainder of KELLER's requests for some information appear to go well beyond what he is entitled to under the discovery rules or otherwise. Specifically, the government questions the defendant's request for notes, memoranda, internal communications among the USPO, and the USPO's search and seizure policy. There is no indication that the USPO, with the Court's approval, did anything contrary to the law or the Constitution, nor does the defendant provide any information otherwise.

As this Court is well aware , the U.S. Probation Office is an "agent of the court." *United States v. Comer*, 5 F.4th 535, 549 (4th Cir. 2021); *see also United States v. Combs*, 267 F.3d 1167, 1173 (10th Cir. 2001) ("the Probation Office ... is a judicial agency"); *United States v. Reyes*, 283 F.3d 446, 455 (2d Cir. 2002) (describing Probation Officer as a "confidential advisor to the court," "the court's eyes and ears," and "a neutral information gatherer with loyalties to no one but the court). "Probation officers compile notes to assist the court in its supervision of individuals on supervised release and in making difficult bond, release, detention, and sentencing determinations." *United States v. Ornelas*, No. 1:22-cr-47-RP-1, 2024 WL 1979287 at *1 (W.D. Tex. May 2, 2024). Unless the government plans on using the notes, memoranda, or internal communications against the defendant, the Court should not compel their production. *Id.; see also United States v. Hardiman*, No. 08-CR-80094, 2021 WL 4072714 (S.D. Fla. Aug. 23,

3

2021); *United States v. Houston*, No. CRS07-447 GEB, 2009 WL 2488176 (E.D. Cal. Aug. 13, 2009); *United States v. Joline*, No. 4:09-CR-00355, 2009 WL 4795607 (M.D. Pa. Dec. 8, 2009). To produce these internal notes and documents may have a "chilling effect "on the USPO's ability to conduct supervision of defendant. *United States v. Rivera-Rodriguez*, 321 F. Supp. 3d 278, 281–82 (D.P.R. 2018) ("These records also generally contain confidential materials regarding supervising techniques and assistance provided by third parties to the probation officers in the discharge of their duties that may affect the safety of third parties. As such, providing unfettered production of the confidential materials may have a chilling effect on the probation officer's ability to conduct adequate supervision and should be strongly disfavored."); *see also Ornelas*, 2024 WL 1979287 at *1; *Hardiman*, 2021 WL 4072714 at *1.

The same can be said for the defendant's request for USPO's policies and procedures. Presumably, these have sensitive information concerning the USPO's standards and procedures, to include risk and safety considerations. As such, they too should not be produced.

Further, the defendant does not have a right to all of the information requested. Generally, discovery is governed under federal statute, the Federal Rules of Evidence, and considerations of *Brady* and *Giglio*. *See, e.g.*, 18 U.S.C. § 3500; Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 16, 26.2, and 46(j); *Giglio v. United States*, 405 U.S. 150 (1972) (holding that the government must disclose potential impeachment information for witnesses); *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the government must disclose potential exculpatory information). Many of defendant's requests are akin to an untenable fishing exhibition, much like a general subpoena duces tecum for "all documents" related to a case. *See United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010)(upholding a denial of a Rule 17(c) subpoena when the

4

defendant can only speculate as to what the requested documents would show). Defendant provides little support for much of his requests in terms of specificity and materiality and only speculates as to what is in the requested information. As such, he does not have a right to these particular documents.

As to defendant's request for an *in camera* review of the requested documents, to justify the Court to undertake an *in camera* review for *Brady* material, at the very least, a defendant must make a "plausible showing" that the files at issue contain "material" exculpatory or impeachment information." *See United States v. Savage*, 885 F.3d 212, 221 (4th Cir. 2018). "[E]vidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Caro*, 597 F.3d at 621. Again, defendant has not made a plausible showing of materiality or particularized need for his requests for memorandum, notes, and the like. As such, the Court should not have to review the requested information *in camera* unless that showing is made.

And, as the defendant is well aware, much of his requested documents would fall under the *Jencks* requirement to produce prior statements. The government rarely produces officers' reports and memoranda prior to that officer's testimony at court hearings or trial, unless such information has defendant's statements or *Brady* material. Even then, many times it redacts the information only to allow what is required to be produced to the defendant. Unless the government plans on calling any of the employees of the USPO as witnesses, the disclosure of such notes, memoranda, and the like, is premature.

## **CONCLUSION**

WHEREFORE, the government requests the Court to allow discovery of the documents to which the parties may be entitled and deny the request for anything additional from the USPO.

                                      JESSICA D. ABER
                                      UNITED STATES ATTORNEY

By:        /s/
            Elizabeth M. Yusi
            Assistant United States Attorney
            Attorney for the United States
            United States Attorney's Office
            101 West Main Street, Suite 8000
            Norfolk, VA 23510
            Office Number: 757-441-6331
            Facsimile Number: 757-441-6689
            E-Mail Address: elizabeth.yusi@usdoj.gov