# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **CRIMINAL NO. 2:24cr108** |
| **v.** ) | |
| ) | |
| **LUCAS KELLER,** ) | |
| ) | |
| **Defendant.** ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR ACCESS

The United States of America, by and through Erik S. Siebert, United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, responds to defendant LUCAS KELLER's second supplemental memorandum in support of motion for access to relevant portions of the United States Probation Office's File (the Motion). ECF No. 27. As mentioned in its earlier response, the government does not control this information and does not object to the original general request for discovery. However, the government believes defendant's remaining requests are not discoverable under Federal Rule of Evidence 16 or otherwise.

## ARGUMENT[1]

Defendant's current request narrows down his request for production of certain "relevant" documents and information form the USPO. As stated in his original Motion, this request is to ensure the defendant's Fourth Amendment rights were preserved during the USPO search. ECF No. 11. However, the remaining of KELLER's requests for some information continue to appear to go well beyond what he is entitled to under the discovery rules or

---

[1] The government incorporates its earlier response, including the background information, and the law and references contained therein. ECF No. 16.

otherwise.  Specifically, the government continues to question the defendant's request for notes, memoranda, internal communications among the USPO, and the USPO's search and seizure policy.[2]  There is still no indication that the USPO, with the Court's approval, did anything contrary to the law or the Constitution, nor does the defendant provide any information otherwise.

In response to defendant's request for notes, memoranda, internal communications among the USPO and its policies and procedures, the government maintains defendant's request goes beyond that which is necessary and due.  While the defendant is correct that it would have access to any search warrant, the defendant would have no access to internal communications between law enforcement officers, the "ops" plan, and the like due to law enforcement privilege and law enforcement sensitive techniques.  As for the "preliminary investigation" of the electronic device, it is unclear what exactly defendant is requesting.  As in typical child pornography searches, the officers do a preliminary look at the electronic device for contraband.  Then, there is a report of what is found.  It appears that defendant has this information already from USPO.

The same can be said for the defendant's request for USPO's policies and procedures.  Presumably, these have sensitive information concerning the USPO's standards and procedures,

---

[2]  While the government was unable to find any transcripts or written orders containing the Court's ruling, the government believes defendant's counsel requested similar internal notes and documents, including the chronos, in *United States v. Eyechanar*, 4:17cr76 (E.D.Va. (Norfolk) 2018) (C.J. Davis).  The *Eyechanar* case, also a child pornography case, started as an investigation by the USPO into violations of the defendant's supervised release.  While undersigned was not the counsel of record, the government believes the Court allowed the USPO to orally read its chronos to counsel in lieu of giving over the physical chronos.  The government is unclear if internal communications were either asked for or ordered to be disclosed by the USPO, but KELLER's counsel was counsel of record and may have more information.

to include risk and safety considerations. As stated in its earlier response, unless the government plans on using the notes, memoranda, or internal communications against the defendant, the Court should not compel their production. The defendant is well aware of his rights given to him by the Fourth Amendment and supporting caselaw. The USPO's policies and procedures do not give him additional rights and they are not publicly available, as other examples are provided by the defendant. As such, there is no need for their discovery.

Again, defendant's remaining requests are akin to an untenable fishing exhibition. There is no information that anything contrary to law or policy occurred. Further, the government understands its obligations under *Brady* and the Due Process Protection Act and would have an ethical and legal obligation to turn over any exculpatory information to the defendant. As such, he does not have a right to this material.

## **CONCLUSION**

WHEREFORE, the government requests the Court to allow discovery of the documents to which the parties may be entitled and deny the request for anything additional from the USPO.

                                              ERIK S. SIEBERT
                                              UNITED STATES ATTORNEY

By:         /s/_____
            Elizabeth M. Yusi
            Assistant United States Attorney
            Attorney for the United States
            United States Attorney's Office
            101 West Main Street, Suite 8000
            Norfolk, VA 23510
            Office Number: 757-441-6331
            Facsimile Number: 757-441-6689
            E-Mail Address: elizabeth.yusi@usdoj.gov