IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.  Criminal No. 2:24-cr-108

LUCAS KELLER,

    Defendant.

## ORDER

    This matter is before the Court on Defendant Lucas Keller's Motion for Access to Portions of the United States Probation Office's File. ECF No. 11.

    The instant case arises from the federal supervision of Keller, who is currently serving a term of supervised release. ECF No. 1. Keller's probation officer, Senior Officer Lopez, received information from an anonymous source regarding Keller's possible possession of an unauthorized device. Officer Lopez conducted an investigation into the allegations and, pursuant to a special condition of Keller's supervised release, received authorization from the Court to conduct a search of Keller's vehicle, person, residence, and electronic devices. After the authorized search by the Probation Office, which resulted in the seizure of three devices, Homeland Security obtained a separate search warrant and searched the devices. *See* Resp., ECF No. 16; *see also* ECF No. 11-1 at 4. Keller was subsequently indicted in a five-count Indictment charging Possession and Receipt of Images of Minors Engaging in Sexually Explicit Conduct. ECF No. 1.

    Keller's Motion seeks several categories of information from the Probation Office related to the probation officer's investigation prior to authorization, request for approval to search, details regarding how the Probation Office search was conducted, and the Probation Office's Search and Seizure Policy. The Court held two status hearings, and the parties filed two rounds of

supplemental briefing. ECF Nos. 13, 22; Supp. Mem., ECF No. 15; Resp., ECF No. 16; 2d Supp. Mem., ECF No. 27; 2d Resp, ECF No. 30. For the reasons stated below, Keller's Motion for Access, ECF No. 11, is GRANTED IN PART and DENIED IN PART.

Originally, Keller requested nine categories of information:

1) Any "documentation" and "photos" provided by the anonymous source to Senior Officer Lopez or any other United States Probation Officer.
2) Any notes, memos, or other documentation related to conversations with the anonymous source.
3) Any document or report prepared related to the "investigative resources" used to link Mr. Keller to a phone number and associated social media accounts.
4) Any notes, memos, or other documentation related to the "preliminary investigation" of the devices that was undertaken prior to the search warrant.
5) Any communications between Senior Officer Lopez and Cyber-Crimes Specialist Marquis Branch-Jackson about the search of the devices prior to the search warrant.
6) Any documents or memos related to any approved phone and phone numbers.
7) The United States Probation Office Search and Seizure Policy approved by the Court in November 2020.
8) The "details of [Senior Officer Lopez's] interviews with [Mr. Keller] and others" that Senior Officer Lopez sought permission to release to "law enforcement officers and agencies assisting the probation office."
9) Any memorandums or notes identifying any other law enforcement officers present during the searches.

Supp. Mem. at 8–12. Many of the requests have already been resolved by the Court or through agreement. The Court previously granted Keller's requests for documentation and photos provided by the anonymous source to the Probation Office (Category One) and details of the Probation Office's interviews of Keller and others that may have been released to other law enforcement officers (Category Eight) as well as Keller's initial request for a Memorandum provided by the Probation Office to chambers. *See* ECF Nos. 12, 23. Keller withdrew requests for information in Categories Two, Three, Six, and Nine. Supp. Mem. at 12; 2d Supp. Mem. at 3. Given that, only requests for information in Categories Four, Five, and Seven remain. 2d Supp. Mem. at 4.

In considering these remaining requests, the Court previously asked the parties to address: (1) whether the requested categories of information would typically be provided in discovery,

pursuant to the relevant rules, policies, or practice; and (2) if not, whether some other mechanism should compel disclosure. ECF No. 23. The Court is cognizant that its obligation here is to balance competing interests. The Probation Office is an arm of the Court and, generally, the Court protects its confidential records from disclosure. *See e.g.*, *United States v. Figurski*, 545 F.2d 389, 391–92 (4th Cir. 1976) (discussing the rigorous test for disclosure of presentence reports). However, where the Probation Office acts as an investigative agency, as is the case here, the Court is equally obligated to safeguard the defendant's rights by ensuring that a defendant receives all information to which they are entitled. The Court directed the parties to address the above-listed issues in an attempt to balance these interests by adhering to the standards that typically guide discovery.

Categories Four, Five, and Seven relate to the probation officer's review of the seized phones as part of the Probation Office search approved by the Court but before the search warrant was obtained. In the statement of probable cause submitted in support of the search warrant application, the agent stated that a "preliminary investigation" of a device took place after its seizure and that contraband was located on the device. ECF No. 11-1 at 18. Keller asserts that the requested information is material because Keller should be able to determine whether this "preliminary investigation" complied with or exceeded the scope of the Court's search authorization. 2d Mem. Supp. at 4. Keller additionally argues, in response to the Court's inquiry, that this information would typically be provided in discovery under Federal Rule of Criminal Procedure 16 "because they are material to preparing the defense." 2d Supp. Mem. at 4. In response, the Government contends that Keller's requests "go well beyond what he is entitled to under the discovery rules or otherwise." 2d Resp. at 1–2. The Court will analyze the requested categories of information in turn.

### 1. Category Four and Category Five

Keller's requests in Categories Four and Five seek notes, memorandums, and communications relating to the Probation Office's preliminary search of Keller's electronic devices. 2d Supp. Mem. at 4–7. For the reasons stated below, the Court finds that this type of information would ordinarily be excluded from discovery under Rule 16, that Keller has received at least one record related to the search, and that further discovery is not merited.

The Court agrees that Rule 16 is a useful guidepost in determining whether the requested information should be disclosed. Rule 16 mandates that, among other things, "[u]pon a defendant's request, the government must permit the defendant to inspect" certain documents and objects where the item is "within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E).[1] However, "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" is not authorized unless permitted by certain prior subsections of the rule. Fed. R. Crim. P. 16(a)(2). Similarly, discovery of material covered by the *Jencks* Act is also excluded from this discovery requirement. *See id.*; *see also* 18 U.S.C. § 3500.

Keller's requested categories of information would be excluded from discovery under Federal Rule of Criminal Procedure 16. Category Four's requested "notes, memos, or other documentation related to the 'preliminary investigation' of the devices that was undertaken prior

---

[1] Under this rule, the documents and objects include "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items." Fed. R. Crim. P. 16(a)(1)(E).

to the search warrant" would be plainly prohibited as "reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating" the case. Supp. Mem. at 9; Fed. R. Crim. P. 16(a)(2); *see United States v. Berkley*, No. 3:22-cr-101, 2023 WL 3740316, at *8 (E.D. Va. May 31, 2023). The requested communications in Category Five would also fall under "internal government documents" precluded from discovery. Fed. R. Crim. P. 16(a)(2). Additionally, the Court agrees with the Government's argument that "much of [Keller's] requested documents would fall under the *Jencks* requirement to produce prior statements." Resp. at 5. "[A] district court may not order the disclosure of *Jencks* material earlier than provided by statute." *Berkley*, 2023 WL 3740316, at *7 (citation omitted). Keller has not identified any other mechanism that would provide for the disclosure of the material requested in Categories Four and Five.

Keller nevertheless argues that it is common practice for the government to turn over "information about a search" such as "police reports detailing the investigative steps taken, body-worn camera footage of the search itself, or documentation of the procedures and search terms used during the search of an electronic device." 2d Supp. Mem. at 5. Here, the government has turned over some information: a "Chronos entry" about the preliminary search of the phone. *Id.*; 2d Resp. at 2. Keller argues that the additional categories of information should also be turned over because the Chronos entry simply states that a "preliminary investigation" of the device was conducted, without further detail. 2d Supp. Mem. at 5. The Court does not agree. The entry may not be detailed, but it provides the Probation Office's record of the search. Importantly, the Court permitted the Probation Office to search "[a]ny electronic device," and there is no suggestion that the search undertaken exceeded this permission. Additionally, Keller has not identified any mechanism that would compel further disclosure. The Probation Office has already provided its

entry from the search along with other requested information. Receipt of this information is consistent with common practice and serves to protect Keller's rights. On the other hand, the additional production sought by Keller (which includes any Probation Office notes, memorandums, or communications about the preliminary search), is broader than common practice and would likely both burden the Probation Office and have a chilling effect on the Probation Office's future communications. In balancing these interests, the Court finds that additional discovery is simply not merited. Accordingly, the Court denies Keller's requests.

2. Category Seven

In Category Seven, Keller requests access to the Probation Office's November 2020 Search and Seizure Policy. 2d. Supp. Mem. at 7–10. The Search and Seizure Policy is an internal Probation Office document that outlines the Office's standards and procedures for conducting searches.

Keller argues he is entitled to the Search and Seizure Policy for two different reasons. First, Keller contends that Senior Officer Lopez incorporated the policy into the search authorization, meaning that the policy informs the authorized scope of the search and is thus material to the defense. *Id.* at 7. Keller's second argument draws analogies to common practice, contending that similar policies would be turned over in discovery for inventory searches and are often otherwise publicly available. *Id.* at 8–9. The Government responds that disclosure of the Probation Office's policies and procedures could have a chilling effect on the Probation Office's ability to adequately conduct supervision and that disclosure risks the production of "sensitive information." Resp. at 4; 2d Resp. at 2–3. For the reasons stated below, the Court finds that production of the Search and Seizure Policy is warranted and grants Keller's request for access to the policy.

The Court begins with Keller's comparison to routine discovery regarding policy disclosure pursuant to inventory searches and public access to search policies. During warrantless

inventory searches, an organization's inventory policy serves as a factor in determining whether the scope of a search was reasonable under the Fourth Amendment. *See United States v. Brown*, 787 F.2d 929, 932 (4th Cir. 1986). However, where a search has been authorized by the Court, as was the case here, a search policy does not inform the reasonableness of the scope of the search—rather, the Court's authorization sets the search's boundaries. *See United States v. Uzenski*, 434 F.3d 690, 706 (4th Cir. 2006) (noting that the Fourth Amendment is violated where the scope of a search warrant is exceeded). Here, Keller argues Officer Lopez incorporated the Search and Seizure Policy into the search authorization such that it was subsumed into the boundaries of the authorization and informs the authorized scope of the search. 2d Supp. Mem. at 7. The Court agrees. The Search and Seizure Policy was explicitly incorporated into the Court's search authorization and as such informs the authorized scope of the search. *See Uzenski*, 434 F.3d at 706.

The Government does not specifically respond to Keller's contention that search policies are regularly provided in discovery and are often publicly available. Instead, the Government highlights the potential for the disclosure of "sensitive information" and concerns over a chilling effect. Resp. at 4; 2d Resp. at 2–3. The Court finds Keller's argument regarding regular practice and public availability compelling. Where the Probation Office acts as an investigating agency in a law enforcement capacity, the Court should endeavor to ensure that discovery routinely provided by the Government remains discoverable absent some compelling justification. Finally, the Court finds the Government's concerns regarding sensitive information can be addressed by placing limitations on the policy's dissemination. *See* Fed. R. Crim P. 16(d).

Accordingly, the United States Probation Office is ORDERED to provide Keller and the United States Attorney's Office with its Search and Seizure Policy. The disclosure or dissemination of the Policy is restricted to the following persons: (i) Keller, (ii) Keller's attorney(s) of record in this

case, (iii) the employees of the attorney(s) of record who are performing work on behalf of the defendant, (iv) the United States Attorney's Office, (v) a photocopying or data processing service to whom it is necessary that counsel show the materials for the purposes of the preparation, trial, appeal (if any) of this matter, and (vi) experts or investigators assisting in the preparation, trial, appeal (if any), and collateral challenge (if any) of this matter.

The following restrictions are placed on the above-covered individuals, unless and until further ordered by the Court:

1. The covered individuals shall not:

    a. make copies of the Policy for, or allow copies of any kind to be made by, any other person;

    b. take photos of the Policy, manually copy information contained thereon, or otherwise reproduce any information contained in the documents therein;

    c. allow any other person to read the Policy; and

    d. use the Policy or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

2. In addition, Keller is prohibited from reviewing the Policy outside of his counsel's presence.

3. The covered individuals shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

4. Nothing in this Order shall restrict use by Keller's attorneys(s) of the Policy during Keller's investigation of the allegations and preparation of his defenses or introduction as evidence at a motions hearing or trial, except that the defense will notify the Court prior to any hearing or trial if it wishes to introduce the Policy so that the Court can consider sealing the Policy from public disclosure as necessary.

5. Prior to the disclosure of the Policy to a person not identified above, covered individuals must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

6. Upon conclusion of this action, and consistent with their ethical responsibilities, the covered individuals shall return to the Court, or destroy and certify to the Court the destruction of the Policy within a reasonable period of time, not to exceed thirty days after the last appeal is final.

Given the Court's rulings above, the deadline to file preliminary motions is extended to March 14, 2025. The Clerk is DIRECTED to send an electronic copy of this Order to all counsel of record and to the United States Probation Office.

IT IS SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: February 21, 2025